GARY M. RESTAINO
United States Attorney
District of Arizona
MATTHEW C. CASSELL
Assistant U.S. Attorney
Colorado State Bar No. 38157
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: matthew.cassell@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | CR-22-1857-008-TUC-JCH-BGM |
|---|---|
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| Roy Glen Cline, III, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1. The matter is set for sentencing on March 25, 2023.

2. This case originated from an investigation conducted by the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). ATF agents learned of multiple sales reports that showed the defendant purchased 56 firearms, many of which were the same make, model, and caliber, from the same firearms dealer on several occasions between October 29, 2021, and January 20, 2022. Agents spoke with the defendant, who admitted to repetitive purchases of the same types of firearms and selling or trading the purchased firearms. It should be noted that at least 16 of the firearms purchased by the defendant and his roommate, Tylor Cody Joiner, were recovered in a Mexican police seizure of 188 weapons in Navajoa, Sonora, Mexico. Agents re-interviewed the defendant and Joiner, and both admitted they bought firearms for Timothy Scott Waltermire, Jr., beginning in October

2021. The defendant added that he referred friends who were interesting in straw purchasing to Waltermire.

3. Agents believed Waltermire knew the firearms the defendant and Joiner were purchasing were to be sent to Mexico. Agents eventually interviewed Waltermire, who stated said that he was buying and building AR-style and AK-style rifles for a coworker, later identified as Julian Canastillo. Waltermire told agents he would usually purchase two or three firearms at a time, but sometimes up to 13. He estimated he acquired 50-60 firearms for the defendant, and financial analysis indicated that between May 2021 and April 2022, Waltermire made cash deposits of a total of $73,000 from an unknown source, and these deposits mirrored the amount he spent on firearms on a month-to-month basis.

4. On September 15, 2022, the same grand jury returned a true bill of superseding indictment against the defendant, Joiner, Waltermire, Canastillo, and six other men, alleging conspiracy, exportation of goods from the United States, and straw purchasing, among other charges. On January 5, 2024, the defendant pled guilty to an information charging four counts, including 47 different straw purchases between November 1 and December 14, 2021, pursuant to a written plea agreement.

5. The government has reviewed the probation department's presentence investigation report (PSR) and disposition report and has no additions or corrections to the factual statements or guideline/criminal history calculations. The defendant's guideline sentencing range is 18-24 months, based on a total offense level 15 and criminal history category I. The PSR erroneously states in paragraph 118 and on page 24 that the plea agreement calls for a sentencing range of 18-24 months, but correctly states in paragraph 4 that the defendant's sentence under the plea is time served to 18 months of incarceration. The probation department recommends the Court sentence the defendant to five years of probation.

6. 18 U.S.C. § 3553(a)(1) states that when imposing a sentence, a court shall consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The sentence imposed shall reflect the seriousness of the offense, provide

just punishment, afford adequate deterrence to further criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).

7. Pursuant to the 18 U.S.C. § 3553(a) factors, the government respectfully requests the Court accept the parties' plea agreement and follow the probation department's recommendation to sentence the defendant to a term of probation, although the government respectfully recommends the defendant be placed on probation for three years instead of the five years recommended by the probation department. The defendant straw purchased 56 firearms, and several of those were seized in the Republic of Mexico, which means the rest almost certainly ended up in the hands of a criminal element that has historically terrorized the people of that nation. The Court sentenced the defendant's roommate, Tylor Cody Joiner, to three years' probation, so it would be consistent for the Court to sentence the defendant to the same thing. The two committed essentially the same offenses and had very similar backgrounds. The government will further explain its position at the sentencing hearing, currently set for March 25, 2024.

Respectfully submitted this 18th day of March, 2024.

GARY M. RESTAINO
United States Attorney

/s/ Matthew C. Cassell

MATTHEW C. CASSELL
Assistant United States Attorney

Copy of the foregoing served electronically
or by other means this 18th day of March, 2024, to:

Mark E. Evans, Esq.
Counsel for defendant